# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>  Plaintiff,<br><br>  v.<br><br>FOUR TWELVE ROOFING, LLC., and SAMUEL FRANK, and SHEA FREDERICK<br><br>  Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("the Secretary") brings this action to enjoin Defendants Four Twelve Roofing LLC ("Four Twelve Roofing"), Samuel Frank, and Shea Frederick from violating Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and for an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant Four Twelve Roofing is a for-profit company duly organized under the laws of the State of Maryland, with a registered office at 320 E. 25th ½ Street, Baltimore,

Maryland. Four Twelve Roofing is a roofing contractor that performs residential and commercial work in the state of Maryland, within the jurisdiction of this Court.

3. Defendant Samuel Frank ("Frank") is a member of Four Twelve Roofing and resides in Baltimore, Maryland, which is within the jurisdiction of this Court. Defendant Frank regulated the employment of persons employed by Four Twelve Roofing, acted directly or indirectly in the interests of Four Twelve Roofing in relation to its employees, and is an employer of said employees within the meaning of Section 3(d) of the Act. For example, Defendant Frank was responsible for hiring employees, negotiated compensation with employees, has supervised employees, has the authority to sign checks on behalf of Four Twelve Roofing, and is listed as an "Authorized Agent" in Four Twelve Roofing's Articles of Incorporation.

4. Defendant Shea Frederick ("Frederick") is a member of Four Twelve Roofing and resides in Baltimore, Maryland which is within the jurisdiction of this Court. Defendant Frederick regulated the employment of persons employed by Four Twelve Roofing, acted directly or indirectly in the interests of Four Twelve Roofing in relation to their employees, and is an employer of said employees within the meaning of Section 3(d) of the Act. For example, Mr. Frederick was responsible for hiring employees, has supervised employees, and is listed as an "Authorized Agent" in Four Twelve Roofing's Articles of Incorporation.

5. The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

6. Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods

for commerce, including employees handling goods or materials that have been moved in or produced for commerce, such as handling construction products that were manufactured in the states of Florida and Wisconsin. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

7. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer than those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one-and-one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Sections 16(c) and 17 of the Act.

8. For example, during the time period from at least January 1, 2020 through at least February 3, 2022, many of Defendants' employees regularly worked over 40 hours per workweek. These employees worked from approximately 42 to 63 hours in a workweek. For many of these employees, Defendants paid their employees the same rate for all hours worked, including hours worked in excess of forty per workweek.

9. Defendants knew or recklessly disregarded their obligation to pay their employees one and one-half their regular rates for hours worked in excess of forty per workweek. The Defendants misclassified several of their workers as independent contractors to avoid paying these workers one and one-half their regular rates for hours worked in excess of forty per workweek, despite the fact that these workers were employees of Four Twelve Roofing. The

Defendants supervised these workers on a day-to-day basis, required them to wear Four Twelve Roofing uniforms, and set the hours and rate of pay. Defendants paid similarly situated Four Twelve Roofing employees the required one-half premium rate for overtime hours worked in excess of forty per workweek.

10. Defendants also willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of many of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the regulations issued and found at 29 C.F.R Part 516.

11. For example, as to the workers Defendants failed to pay an overtime premium, Defendants did not record the number of hours they worked in excess of a forty hours per workweek, in violation of Sections 11(c) and 15(a)(5).

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least January 1, 2020, through at least February 3, 2022, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A

for violations continuing after February 3, 2022, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; and

      (3)      For an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid overtime compensation found due to Defendants' employees; and

      (4)      In the event liquidated damages are not awarded, for an Order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

              Respectfully submitted,

| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
|---|---|
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>1835 Market Street<br>Mailstop SOL/22<br>Philadelphia, PA 19103 | Seema Nanda<br>Solicitor of Labor<br><br>Oscar L. Hampton III<br>Regional Solicitor |
| (215) 862-4843 (voice)<br>(215) 861-5162 (fax) | */s/ Austin Brunson*<br>By: Austin Brunson<br>PA ID # 315931 |
| brunson.austin.s@dol.gov | |
| Date: December 28, 2022 | Attorneys for Plaintiff |

5