IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JULIE A. SU,<br>ACTING SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>    v.<br><br>FOUR TWELVE ROOFING, LLC.,<br>SAMUEL FRANK, and SHEA FREDERICK<br><br><br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:22-cv-03351-MJM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CONSENT JUDGMENT**

Plaintiff, Acting Secretary of Labor, United States Department of Labor, hereinafter referred to as "Plaintiff" or "the Acting Secretary," has filed his Complaint alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "the Act"). Defendants named above, hereinafter referred as "Defendants" or "Employers," have appeared by counsel, waive any defense which they may have and hereby agree to the entry of this Consent Judgment without contest. It is, therefore, upon joint motion of the parties and for cause shown:

ORDERED, ADJUDGED, AND DECREED that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 7, 11(c), and 15 of the Act, in any manner, specifically:

1. Defendants shall not, contrary to Section 7 of the Act, employ any of their employees including, but not limited to, any of their employees working at 320 E. 25th ½ Street, Baltimore, Maryland 21218 or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the said employees receive compensation for their employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them.

2. Defendants shall not fail to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at 320 E. 25th ½ Street, Baltimore, Maryland 21218, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to Section 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

3. Defendants shall not discharge or take any retaliatory action against any of their employees, whether or not directly employed by Defendants, because the employee engages in any of the following activities pursuant to Section 15(a)(3) of the Act:

   a. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of Defendants or of another establishment owned by

  one or more Defendants, that the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act;

b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the Employers or another employer with whom there is a business relationship;

c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act.

 It is further ORDERED, ADJUDGED and DECREED by the Court that:

 4. Defendants are enjoined and restrained from withholding gross back wages in the sum total amount of $50,000 and are jointly and severally liable for the payment of $50,000 in liquidated damages, due certain employees and former employees of Defendants set forth and identified in Schedule A, which is attached hereto and incorporated herein.

 5. Defendants shall pay gross back wages and liquidated damages in the total amount of $100,000 for violations of the overtime provisions of the Act by Defendants that occurred during the period of January 1, 2020 through February 3, 2022 ("relevant period"). This amount shall represent the full extent of back wages and liquidated damages owed by Defendants for the relevant period to the employees set forth and identified on the attached Schedule A. It is further agreed that the overtime compensation and liquidated damage payments by the Defendants in the amounts as specified above are in the nature of back wages and liquidated damages pursuant to the provisions of the Act.

6. Defendants shall pay the above referenced amounts in accordance with the installment agreement, detailed in Schedule B, which is attached hereto and incorporated herein. Payments made in accordance with the installment agreement shall be made as follows:

   a. For payments related to the back wages and liquidated damages, payments may be made online by ACH transfer, credit card, or debit card by going to https://www.pay.gov/public/form/start/77689032 or www.pay.gov. Alternatively, payments may be made by a certified check, bank check, or money order made payable to "**Wage and Hour Division-Labor**," and mailed to:

      United States Department of Labor
      Wage and Hour Division
      Northeast Regional Office
      1835 Market Street
      19th Floor, Mailstop WHD/19
      Philadelphia, PA 19103-2968

      The check or money order shall bear the following reference: **Case ID# 1949556**.

   b. The Acting Secretary, through the Wage and Hour Division, shall distribute the back wages (less any applicable federal taxes, withholdings, and deductions) and liquidated damages payments to the employees and former employees, or to their estates, as set forth in Schedule A. Schedule A will show for each individual the gross back pay due (subject to legal deductions), and liquidated damages. Any sums not distributed to the employees or former employees on Schedule A, or to their estates, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Treasurer of the United States pursuant to 29 U.S.C § 216(c). Defendants shall remain responsible

    for all tax payments considered to be the "employer's share," including, but not limited to, FICA.

    c. A fifteen (15) calendar-day grace period shall be allowed for receipt of each payment that is required by this section and Schedule B of this Consent Judgment. If Defendants fail to make any payment set forth in Schedule B of this Consent Judgment within that fifteen (15) calendar-day grace period, all remaining installment payments shall become due immediately.

7. If Defendants fail to make the payments as set forth in Paragraphs 5-6, upon notice to the Defendants, the Court shall appoint a Receiver to effectuate all of the terms of this Consent Judgment. In the event a Receiver is appointed:

    a. Defendants shall cooperate with the Receiver in all respects, and shall provide to the Receiver any and all information which the Receiver may require to carry out its appointment and in accordance with the authority given to the Receiver pursuant to applicable law at the time of appointment.

    b. All the expenses of the accountant or Receiver shall be borne solely by the Defendants.

    c. If the Court appoints a Receiver, the Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied.

    d. The Receiver shall have full authority to: collect the Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the Defendants' assets and turn over the proceeds to the Acting Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Acting Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to

analyze all transfers of the Defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment.

8. Within thirty days of the entry of an order approving this Consent Judgment, Defendants will provide the Wage and Hour Division with the current or last known address, telephone number, and social security number (or individual taxpayer identification number (if either are known)) of each individual identified on the attached Schedule A.

9. Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Judgment. Any such amount shall be immediately paid to the Acting Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies. If recovered wages have not been claimed by the employee or the employee's estate within three years of the entry of this Consent Judgment, the Acting Secretary shall deposit such money with the Treasury in accordance with Section 16(c) of the Act.

10. The parties agree that the instant action is deemed to solely cover Defendants' business and operations for the relevant period for all claims raised in the Complaint as a result of the Acting Secretary's investigation. The parties agree that the filing of this action and the provisions of this Judgment shall not, in any way, affect, determine, or prejudice any and all rights of any person specifically named on Schedule A or the Acting Secretary for any period after February 23, 2022, or any persons, be they current or former employees, not specifically named on Schedule A, insofar as such rights are conferred and reserved to said employees by reason of Section 16(b) of the Act.

11. By entering into this Consent Judgment, Plaintiff does not waive her right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to Section 16(e) of the FLSA, with respect to any violations disclosed by such investigations, provided that such violations were outside the scope of the present investigation and lawsuit.

12. It is FURTHER ORDERED, ADJUDGED AND DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding including, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

Date: __April 23, 2024_____     _____
                                      Hon. Matthew J. Maddox
                                      UNITED STATES DISTRICT JUDGE

Respectfully submitted,

| For Plaintiff: | Defendants have appeared by counsel and herby consent to the entry of this Judgment. |
|---|---|
| Seema Nanda<br>Solicitor of Labor | |
| Samantha N. Thomas<br>Acting Regional Solicitor | For the Employers Four Twelve Roofing, LLC., Samuel Frank, and Shea Frederick. |
| *[signature: Austin Brunson]* | *[signature]* |
| By: Austin Brunson<br>Trial Attorney<br>U.S. Department of Labor<br>Office of the Solicitor, Region III<br>1835 Market Street<br>Mailstop SOL/22<br>Philadelphia, PA 19103<br>(215) 861-4843 (Phone)<br>(215) 861-5162 (Fax)<br>Brunson.Austin.S@dol.gov | Mr. Benjamin Briggs<br>Adams & Reese, LLP<br>100 N. Tampa Street, Suite 4000<br>Tampa, Florida 33602<br><br>*Attorney for Defendants*<br><br>Dated: April 19, 2024 |
| *Attorneys for Plaintiff*<br><br>Dated: 4/22/24 | |